UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLENN M. HASSEBROCK and BETTY HASSEBROCK, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | Case No. C14-1835RSM<br><br>ORDER GRANTING DEFENDANT LOCKHEED SHIPBUILDING COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.  INTRODUCTION

This matter comes before the Court on Defendant Lockheed Shipbuilding Company ("LSC")'s Motion for Partial Summary Judgment, Dkt. #94.  Defendant LSC seeks to dismiss all product liability claims asserted against it by Plaintiffs.  For the reasons set forth below, the Court GRANTS LSC's Motion.

## II.  BACKGROUND

**A. Procedural Background**

Glenn and Betty Hassebrock originally filed a Complaint in this matter on November 3, 2014, in King County Superior Court.  *See* Dkt. #1.  The case was subsequently removed to the Western District of Washington on December 3, 2014.  *Id.*  On January 30, 2015, the Court set

ORDER GRANTING DEFENDANT LOCKHEED
SHIPBUILDING COMPANY'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1

deadlines in this case, with discovery to be completed on April 14, 2015, and dispositive motions due on April 21, 2015. Dkt. #35. Following the death of Mr. Hassebrock on May 2, 2015, the Court issued a revised scheduling order setting trial for November 11, 2015, and a dispositive motion deadline of August 7, 2015. Dkt. #79. Defendant LSC filed this Motion for Partial Summary Judgment on July 30, 2015. Dkt. #94.

### B. Background Facts

A full background of this case is not necessary to rule on this limited Motion. Plaintiffs allege that Glenn Hassebrock was exposed to asbestos manufactured or sold by multiple Defendants when he worked as an apprentice and journeyman pipefitter at Puget Sound Naval Shipyard from 1956-1964 and as a piping inspector for the United States Navy at Lockheed Shipyard from 1967-1970. Dkt. #1-1 at 2. According to LSC, "Mr. Hassebrock performed his pipe inspector duties in connection with three U.S. Naval vessels that were originally constructed at Lockheed Shipbuilding's premises: the USS Denver, the USS Coronado and the USS Plainview." Dkt. #94 at 2. Plaintiffs allege that Mr. Hassebrock was exposed to asbestos at the LSC worksite through "asbestos-containing material" such as "[d]ry asbestos cement," "asbestos pipe-covering and block," and "amosite blankets and asbestos cloth." Dkt. #106 at 3-4 (internal quotation marks omitted). Plaintiffs allege that LSC "was routinely in the chain of distribution of asbestos-containing products." *Id.* at 9.

### III.   DISCUSSION

### A. Legal Standard for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are

ORDER GRANTING DEFENDANT LOCKHEED
SHIPBUILDING COMPANY'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2

those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

**B. Product Liability Claim**

Plaintiffs "claim liability based upon the theories of product liability (RCW 7.72 et seq) including but not limited to negligence strict product liability (e.g. Restatement (Second) of Torts § 402A) concert of action and conspiracy and any other applicable theory of liability." Dkt. #1-1 at 3. Plaintiffs allege in their Complaint that Defendant LSC "in its capacity as a product seller of asbestos-containing material is strictly liable." *Id.* at 6.

As an initial matter, Plaintiffs apparently concede that the Washington Products Liability Act, 7.72 *et seq.*, does not apply to their claims. Dkt. #106 at 17 ("…defendant's reliance on… *Anderson Hay & Grain Co., Inc. v. United Dominion Industries, Inc.*, 119 Wn. App. 249, 261, 76 P.3d 1205 (2003)… is also unpersuasive for several reasons…. *Anderson* was based on the Washington Product Liability Act (WPLA). Significantly, that Act does not apply to asbestos

ORDER GRANTING DEFENDANT LOCKHEED
SHIPBUILDING COMPANY'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 3

cases such as this one in which asbestos exposure was prior to 1980."). Indeed, because Mr. Hessebrock was exposed to asbestos before the enactment of the WPLA, this Act does not apply to Plaintiffs' claims. *See Simonetta v. Viad Corp.*, 165 Wn.2d 341, 348, 197 P.3d 127 (2008); *Braaten v. Saberhagen Holdings*, 165 Wn.2d 373, 383 n.4, 198 P.3d 493 (2008).

Plaintiffs' product liability claims are also brought under common law, *e.g.* as set forth in Restatement (Second) of Torts § 402A. Defendant LSC cites to *Mack v. Gen. Elec. Co.*, 896 F.Supp.2d 333 (E.D. Pa. 2012) as a case with similar facts where the court specifically determined that a product liability claim could not be brought against a Navy shipbuilding contractor under maritime law.[1] In *Mack* the court sets forth that a shipbuilder's "product" is the ship itself because a shipbuilder places a vessel, rather than its component parts, into the stream of commerce. *Id.* at 344-45 (citing *Saratoga Fishing Co. v. J.M. Martinac & Co.*, 520 U.S. 875, 117 S.Ct. 1783, 138 L.Ed.2d 76 (1997)). The *Mack* court cites to *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864–65, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986) for the proposition that "the policy underlying strict liability is to place the burden of preventing the harm on the party best able to prevent the harm," and concludes that the manufacturers of the various products aboard a ship containing asbestos are the best parties to prevent the harm of asbestos, rather than Navy shipbuilders. *Mack*, 896 F.Supp.2d at 345-46.

Defendant LSC also argues that it provided a service rather than a product, and that "[t]he concept of strict tort liability does not apply to defective services, as opposed to defective products." *Mack* at 346 (quoting 63 Am.Jur.2d Prod. Liab. § 617). LSC argues that, even under state common law as opposed to maritime law, service contractors who supply materials incidentally to their services are excluded from product liability. LSC cites to two Washington

---

[1] Plaintiff has not brought this action under admiralty or maritime law. Although the applicability of maritime law may be at issue in this case, it is not necessary for the Court to determine that issue to rule on this Motion as the parties have briefed maritime and state common law and the same conclusion can be reached under both.

ORDER GRANTING DEFENDANT LOCKHEED
SHIPBUILDING COMPANY'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 4

cases from the healthcare and construction contexts, *Howell v. Spokane & Inland Empire Blood Bank*, 114 Wn.2d 42, 51-52, 785 P.2d 815 (1990) and *Anderson Hay & Grain Co., Inc. v. United Dominion Industries, Inc*., 119 Wn. App. 249, 261, 76 P.3d 1205 (2003).  LSC also cites to several cases from across the country interpreting Restatement (Second) of Torts § 402A, including a case from the Mississippi Supreme Court which stated "that a contractor/subcontractor is not a seller, within the scope of Section 402A of the Restatement (Second) of Torts, and is therefore not liable for any component parts it may supply in compliance with the performance of a job or service." *Scordino v. Hopeman Bros., Inc.*, 662 So.2d 640, 645 (Miss. 1995).

In response to these arguments, Plaintiffs argue that a) there are factual differences between *Mack* and the instant matter because Mr. Mack worked on ships that had already been built, while Mr. Hassebrock worked at Lockheed Shipyard during the time the ships were being built and insulated with asbestos while subject to Lockheed's control; b) *Mack* is the only admiralty case cited by LSC; and c) the same court in *Filer v. Foster Wheeler LLC*, 994 F. Supp. 2d 679, 688-89 (E.D. Pa. 2014) held two years later that "[w]ith respect to negligence, a Navy shipbuilder's liability is not based on the manufacture or supply of the ship as a whole (the subject addressed in *Mack*), but on the supply of the individual products therein (such as insulation, turbines, pumps, etc.)…" Dkt. #106 at 11-12.  Plaintiffs also reference the comments to §402A, which highlight that the section applies to a manufacturer of automobiles and airplanes, and thus a manufacturer of Navy vessels; American Law of Products Liability, § 37.11, which states "an installer of a product, who is also responsible for supplying the product, can be held strictly liable for a defect in the product;" and on cases citing to The Restatement (3d) of Torts: Prod. Liab. § 20 (1998). Dkt. #106 at 15-20.

ORDER GRANTING DEFENDANT LOCKHEED
SHIPBUILDING COMPANY'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5

The Court finds the reasoning in *Mack* and *Scordino* persuasive. *Filer* is not persuasive for establishing product liability, as it is cited "with respect to negligence." The comments to §402A, American Law of Products Liability, § 37.11, and Plaintiffs' cases citing to § 20 of the Third Restatement all contemplate liability for a defect in the product actually manufactured by the defendant. The undisputed facts indicate that LSC was not in the chain of manufacturing and selling asbestos-related products, rather it was providing the service of producing Navy vessels. The product is the vessel. The manufacturers of the asbestos-related products installed in the Navy vessels were in a better position to prevent the harm associated with the asbestos product, and more closely fall under § 402A liability. The remainder of Plaintiff's Response to this Motion generally confirms for the Court that LSC's liability falls under negligence. *See, e.g.,* Dkt. #106 at 13 ("Lockheed controlled work practices and safety issues regarding asbestos at its own shipyard"). The Court will thus grant this portion of the Motion and dismiss Plaintiffs' product liability claims against LSC.

### C. Concert of Action and Conspiracy Claims

Defendant LSC moves to dismiss these claims arguing that "[r]esearch has not revealed any case recognizing a tort of 'concert of action and conspiracy' under maritime law" and "[t]o the extent Plaintiffs claim the Court should apply the Washington claim for concerted action, this 'is not a tort in itself, but is a theory of liability,'" citing *Westview Investments, Ltd. v. U.S. Bank Nat. Ass'n*, 133 Wn. App. 835, 853, 138 P.3d 638 (2006).

Plaintiffs do not address any of Defendant's arguments in Response. The Court finds that these claims are properly dismissed on summary judgment.

//

//

ORDER GRANTING DEFENDANT LOCKHEED
SHIPBUILDING COMPANY'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 6

**D. "Any Other Applicable Theory of Liability"**

Plaintiffs do not articulate other applicable theories of liability in their Complaint or in Response to LSC's Motion, and the Court declines to issue any finding as to non-existent claims. It is the Court's understanding that Plaintiffs' remaining claims against LSC are limited to those arising under negligence.

## IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendant LSC's Motion for Partial Summary Judgment, Dkt. #94, is GRANTED. Plaintiffs' claims of Product Liability and Concert of Action and Conspiracy are dismissed.

DATED this 8th day of October 2015.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT LOCKHEED
SHIPBUILDING COMPANY'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 7