UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLENN M. HASSEBROCK and BETTY HASSEBROCK, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | Case No. C14-1835RSM<br><br>ORDER ON APPLICATION OF MARITIME LAW AND JURY TRIAL |

This matter comes before the Court *sua sponte* on the issue of whether maritime law or state law governs the remaining claims of Plaintiffs, and whether Plaintiffs have a right to a jury trial. The Court has reviewed briefing on these issues from Plaintiffs, Dkt. #159, and Defendant Crane Co. ("Crane"), Dkt. #158, and issues the following as guidance for trial.

The parties appear to agree that maritime law applies to this matter, but Crane asserts that state law should apply to certain aspects of Plaintiffs' claims. Plaintiffs argue they have a right to a jury trial having filed in state court, and although Crane points to legal authority to challenging this, Crane does not explicitly argue against a jury trial. *See id.* at 4. For the reasons set forth below, the Court finds that maritime law applies to Plaintiffs' remaining claims and trial will be before a jury.

ORDER ON APPLICATION OF
MARITIME LAW AND JURY TRIAL - 1

### A. Applicability of Maritime Law

The Court considers the applicability of maritime law a threshold issue. Maritime law applies to claims that meet both a "locality test" and a "connection test." *Taghadomi v. United States*, 401 F.3d 1080, 1084 (9th Cir. 2005). Under the locality test, the court must determine "whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). Under the connection test, the *Grubart* Court relied upon a two-part inquiry from *Sisson v. Ruby*, 497 U.S. 358 (1990). The *Grubart/Sisson* two-part inquiry focuses on whether (1) the incident has a potentially disruptive impact on maritime commerce, and (2) the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. *Grubart*, 513 U.S. at 534.

If the above tests are met, the Court must next determine what specific maritime laws can apply to the claims of the case. *See Nelson v. Air & Liquid Sys. Corp.*, No. C14-0162JLR, 2014 WL 6982476, at *10 (W.D. Wash. Dec. 9, 2014). Maritime law reflects the prevailing view of the law of the land. *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986); *see also Saratoga Fishing Co. v. J.M. Martinac & Co.*, 520 U.S. 875, 878, 117 S.Ct. 1783, 138 L.Ed.2d 76 (1997) (explaining that maritime law "is an amalgam of traditional common-law rules, modifications of those rules, and newly created rules, drawn from both state and federal sources.") (internal quotations omitted). As such, maritime law recognizes a general theory of liability for negligence and also incorporates principles of products liability, including strict liability. *Nelson, supra* at *10 (citing *East River*, 476 U.S. at 865–66).

Plaintiffs point to several federal court cases applying the *Grubart/Sisson* tests to cases of asbestos exposure while aboard ships on navigable waters and while under repair or construction at drydock and concluding that maritime law applied. *See Nelson, supra* at *8-9; *Cabasug v. Crane Co.*, 956 F. Supp. 2d 1178, 1189 (D. Haw. 2013); *Deuber v. Asbestos Corp.*, No. 2:10-CV-78931-ER, 2011 WL 6415339, at *1 n.1 (E.D. Pa. Dec. 2, 2011). The Court finds that the facts of this case meet the locality and connection tests, and finds support for this position in the sufficiently similar fact patterns of *Nelson*, *Cabasug,* and *Deuber*.

Defendant Crane appears to acknowledge that maritime law can apply to Plaintiffs' claims, but argues that the Court should apply state law where it does not conflict with maritime law with regard to each "aspect" of Plaintiffs' claims, *e.g.* duty and causation. Dkt #158 at 2-4 (citing *Pac. Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1422 (9th Cir. 1990); *Askew v. Am. Waterways Operators, Inc.*, 411 U.S. 325, 341 (1973); and *Greenly v. Mariner Mgmt. Group, Inc.*, 192 F.3d 22, 25-26 (1st Cir. 1999)). *Pac. Merchant Shipping* and *Askew* address whether state statutes regulating maritime employees were preempted by federal admiralty law, and do not appear to support applying state common law to an *aspect* of a claim otherwise governed by maritime law. *Greenly* appears to support the opposite of Crane's position. *Greenly*, 192 F.3d at 25-26 ("Although a court sitting in admiralty jurisdiction must apply federal maritime rules that directly address the issues at hand, it may—and should—resort to state law when no federal rule covers a particular situation."). Crane fails to convince the Court that maritime law is inappropriate for Plaintiffs' claims of negligence and product liability.

Crane fails to cite to *Nelson*, where Crane was a defendant facing similar allegations and where the Court addressed many of the issues addressed in Crane's briefing. After

ORDER ON APPLICATION OF
MARITIME LAW AND JURY TRIAL - 3

determining the applicability of maritime law, *Nelson* addresses what substantive law should apply to claims of negligence and product liability, finding that maritime law should be cited, and addressing the specific standard that should apply for causation and duty for products manufactured by others under maritime law. *Nelson, supra* at *10-13. The Court will apply maritime law to Plaintiffs claims.

### B. Right to a Jury Trial

Plaintiffs argue that, although substantive maritime law applies to Plaintiffs' claims, the Court's jurisdiction is "at law" rather than under admiralty, citing to *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 410–11 (1953) and *Kulesza v. Scout Boats, Inc.*, No. CIV.A. 99-3488, 2000 WL 1201457, at *2 (E.D. Pa. Aug. 8, 2000). Plaintiffs cite to Fed. R. Civ. P. 9, 1966 Amendment to Advisory Committee Notes, stating that, in a case under maritime law, a party may demand a jury trial if the case is filed as a civil action but not if it is filed as a suit in admiralty. Plaintiff also cites to the "savings to suitors" clause of 28 U.S.C. § 1333(1), which is cited by *Manrique v. Fagan*, No. 08-60501-CIV, 2009 WL 700999, at *3 (S.D. Fla. Mar. 16, 2009) ("[I]t is settled that, pursuant to the 'saving to suitors' clause, a federal court, on diversity grounds, may adjudicate an in personam maritime action and afford the parties non-maritime 'at-law' remedies, including a jury trial.").

Crane argues that "the right to a jury trial applies to all claims unless the party changed their stance on which law applied in the midst of the litigation," citing to *Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054-55 (9th Cir. 1997). Based solely on *Ghotra*, Crane argues that because Plaintiffs have "invoke[ed] maritime law only as a last minute effort" they should lose their right to a jury trial.

ORDER ON APPLICATION OF
MARITIME LAW AND JURY TRIAL - 4

Crane appears to misconstrue *Ghotra*, which states in relevant part, "…a plaintiff with in personam maritime claims has three choices: He may file suit in federal court under the federal court's admiralty jurisdiction, in federal court under diversity jurisdiction if the parties are diverse and the amount in controversy is satisfied, or in state court. The difference between these choices is mostly procedural; of greatest significance is that there is no right to jury trial if general admiralty jurisdiction is invoked, while it is preserved for claims based in diversity or brought in state court." *Ghotra*, 113 F.3d at 1054.

Plaintiffs have never invoked admiralty jurisdiction, and they filed in state court. The Court finds that Plaintiffs have clearly retained a right to a jury trial under *Ghotra* and the relevant law cited by Plaintiffs.

DATED this 21 day of October, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON APPLICATION OF
MARITIME LAW AND JURY TRIAL - 5